# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

VALERIE M. RODRIGUEZ-LUNA,

      Petitioner,

v.                                                                                    No. 1:26-cv-00186-WJ-KRS

KRISTI NOEM, Secretary, United States Department of
Homeland Security;
PAMELA BONDI, Attorney General of the United States;
TODD M. LYONS, Acting Director of U.S. Immigration
and Customs Enforcement;
MARY DE ANDA-YBARRA, Filed Office Director, El Paso Field Office of
Immigration and Customs Enforcement;
DORA CASTRO, Warden of Otero County
Processing Center;
      Respondents.

## MEMORANDUM OPINION AND ORDER DENYING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

THIS MATTER is before the Court on the Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). **[Doc. 1]**. The Court denies the Petition and dismisses the case without prejudice. The Court also denies the Pending Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction Directing Immediate Release or, in the Alternative, an Individualized Bond Hearing. **[Doc. 9]**.

### Factual and Procedural Background

Petitioner is a national and citizen of the Dominican Republic. **[Doc. 1 at 5]**. Petitioner claims she left the Dominican Republic in 2021 due to fear of physical violence against her by her husband. **[Doc. 1 at 5]**. Petitioner first came to the United States in 2021 on a visitor visa, leaving her children and mother in the Dominican Republis. **[Doc. 1 at 5]**. Petitioner claims on August

1

22, 2024, she left the United States and went to Panama on an advance parole document because her daughter was facing a critical health condition.  **[Doc. 1 at 5-6]**. Petitioner's mother fell ill and she then traveled to the Dominican Republic on September 5, 2024.  **[Doc. 1 at 6]**.  After seeing her mother, Petitioner fled the Dominican Republic and came back to the United States.  She was denied entry, determined to be inadmissible under § 212(a)(7)(a)(i)(I), and removed back to the Dominican Republic.  **[Doc. 1 at 6, Doc. 1-2 at 48]**.  On September 8, 2024, Petitioner stated that she understood she was being removed under the provisions of Section 235(b)(1) of the INA and was barred from re-entering the United States for a period of no less than five years from the date of her removal.  She also acknowledged that, in addition to the five-year bar, she would be required to obtain a new visa and any necessary waivers prior to returning to the United States.  **[Doc. 1-2 at 49]**.

Petitioner then, again, fled the Dominican Republic and entered the United States on or around October 30, 2024, at the U.S./Mexico border.  **[Doc. 1 at 3, 6]**.  She was taken into custody and, following a credible fear interview, was placed in withholding only status.  **[Doc. 1-2 at 76-77]**.  She then filed a form I-589 Application for Asylum and Withholding of Removal on April 17, 2025.  **[Doc. 1 at 5]**.  The Application was denied and deferral of removal was denied by an Immigration Judge on December 11, 2025.  **[Doc. 1-2 at 1]**.  Petitioner filed an appeal of the Immigration Judge's decision on January 27, 2026 **[Doc. 1-3; Doc. 7-1]**.  Petitioner's appeal remains pending.

### I.  Denial of Petitioner's Verified Petition for a Writ of Habeas Corpus

In this case, Petitioner was previously deported from the United States under an Order of Removal and was prohibited from reentering the country within a five-year period.  Petitioner, however, reentered the United States without authorization a matter of months after she had been

2

removed. Congress has created an expedited process for aliens who reenter the United States without authorization after having already been removed. The relevant statutory provision states:

> "If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry."

8 U.S.C .§1231(a)(5). The Department of Homeland Security's regulations set out the process for reinstating an order of removal. In short, the agency obtains the alien's prior order of removal, confirms the alien's identity, determines whether the alien's reentry was unauthorized, provides the alien with written notice of its determination, allows the alien to contest that determination, and then reinstates the order. See 8 CFR §§ 241.8(a)–(c), 1241.8(a)–(c).

Section 1231(a)(5) applies to "all illegal reentrants." It expressly insulates the removal order from review and also forecloses discretionary relief from the terms of the reinstated order. *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35, 126 S.Ct. 2422 (2006). It does not, however, preclude an alien from pursuing withholding-only relief to prevent DHS from executing removal to the particular country designated in the reinstated removal order. *Ibid*., n. 4; see also § 1231(b)(3)(A).

Federal immigration law contains various provisions authorizing the Government to detain aliens during the removal process. If an alien was removed from the United States but later reentered without authorization, and is subject to a reinstated order of removal, seeks withholding of removal based on fear of persecution in the particular countries designated by their removal orders, the alien is not entitled to a bond hearing. 8 U.S.C. § 1231. An alien subject to a reinstated order of removal is not entitled to a bond hearing while they pursue withholding of removal. *Johnson v. Guzman Chavez,* 141 S.Ct. 2271, 2282-2284 (2021).

In this case, Petitioner was previously removed from the United States to the Dominican Republic and illegally reentered. **[Doc. 1 at 3, 6]**. Petitioner was granted withholding of removal status, but withholding was subsequently denied by an Immigration Judge, and Petitioner's appeal of that determination is currently pending. **[Doc. 1-2 at 1; Doc. 1-3; Doc. 7-1]**.   This Court lacks legal authority or jurisdiction to review the Immigration Judge's denial of withholding of removal or to release Petitioner from custody during the withholding proceedings.  *Fernandez-Vargas v. Gonzales*, 548 U.S. at 35.  Further, Petitioner detention is mandatory under § 1231 which precludes an individualized bond hearing.  *Johnson v. Guzman Chavez,* 141 S.Ct. 2271, 2282-2284 (2021). Therefore, Petitioner is not entitled to habeas corpus relief either in the form of release from custody or in the form of an individualized bond hearing.

Petitioner also contends that she is entitled to release under *Zadvydas v. Davis,* 533 U.S. 768 (2001) because she has been detained in ICE custody for more than 90 days without removal. However, the 90-day removal period does not commence until the removal order is administratively final.  8 U.S.C. § 1231(a)(1)(B).  In this case, Petitioner's appeal is still pending and the removal order has not become administratively final.  Therefore, any claim for relief under *Zadvydas* is premature and Petitioner, again, is not entitled to habeas corpus relief.

## II.   Denial of Petitioner's Emergency Motion for Temporary Restraining Order

Also pending before the Court is Petitioner's Emergency Motion for Temporary Restraining Order. **[Doc. 9].** Petitioner's Motion is moot in light of this Court's denial of habeas corpus relief.  However, even if the Court had not ruled on the merits of the Petition, Petitioner failed to establish entitlement to a temporary restraining order.  Petitioner seeks a temporary restraining order under Fed. R. Civ. P. 65(b)(1). Rule 65(b) provides:

"A temporary restraining order may be granted without written or oral notice

> to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

The Tenth Circuit has adopted four elements for the Court to consider in deciding whether to grant a TRO under Rule 65(b).  Those four elements are: (1) a showing that the movant will suffer immediate and irreparable injury unless the injunction issues; (2) proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (3) a substantial likelihood that the movant will eventually prevail on the merits: and (4) a showing that the injunction, if issued, would not be adverse to the public interest.  *Lundgrin v. Claytor,* 619 F.2d 61, 63 (10th Cir. 1980).

For issuance of a TRO, Rule 65 requires a factual showing of both immediate and irreparable injury, loss, or damage made by way of an affidavit or verified complaint.  Fed. R. Civ. P. 65(b)(1)(A). Although Plaintiff's Motion contains conclusory allegations of irreparable harm, and lengthy legal argument, it does not even argue, nor does it contain factual support for the proposition any *immediate* harm.  Absent a clear and unequivocal factual showing that Petitioner will suffer both immediate and irreparable injury, Petitioner's motion is insufficient to support issuance of a TRO by the Court.  *Lundgrin,* 619 F.2d at 63; *Kansas Health Care Ass'n,* 31 F.3d at 1543.  Petitioner has not made the threshold factual showing of immediate and irreparable harm. Nor has Petitioner demonstrated a likelihood of success on the merits in light of the Court's ruling denying habeas corpus relief.  *Lundgrin v. Claytor,* 619 F.2d at 63.  Therefore, the Court denies Plaintiff's Motion both as moot and for failure to establish the necessary elements for issuance of a TRO.

## CONCLUSION

The Court is not unsympathetic to the long periods of detention immigration detainees are being subjected to.  However, the Court is not at liberty to ignore the rule of law or to interfere in administrative removal proceedings absent a legal basis to do so.  Therefore, the Court denies the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** and dismisses this case without prejudice.

**IT IS ORDERED:**

(1) Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction Directing Immediate Release or, in the Alternative, an Individualized Bond Hearing **[Doc. 9]** is **DENIED**;

(2) Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is **DENIED**; and

(3) This case is **DIMISSED without prejudice.**

/s/_____
HONORABLE WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE